**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IRA KOVES,**

        **Plaintiff,**

-vs-                                **Case No.: 6:02-cv-1355-Orl-28JGG**

**CITY OF ORLANDO, JON E. HATHAWAY, GREGORY T. DOUBERLEY, KIRK GLOVER**

        **Defendants.**
_____

# ORDER

After being shut out of an outbound flight from Orlando International Airport, Plaintiff, Ira Koves, was arrested for disorderly conduct, interference, and resisting arrest without violence after having "several minutes of frustrating conversation" with an airline representative. (Am. Compl. ¶¶ 11-13, Doc. 53.) Plaintiff brought the instant four-count Amended Complaint on May 11, 2007, alleging a violation of his constitutional rights pursuant to 42 U.S.C. § 1983 in Counts I and II and claims of battery in Counts III and IV. (Id.) Before the Court is Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Amended Complaint (Doc. 58) and Plaintiff's Memorandum of Law in Opposition (Doc. 62). Defendants argue that § 768.28(9)(a), Florida Statutes, precludes Plaintiff's battery claims because Plaintiff fails to allege that Defendants' conduct was willful, wanton, or malicious. (Doc. 58 at 5.)

"A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case." Buckingham v. Macias, No. 06-CV-61539, 2006 WL 3747351, at *1 (S.D. Fla. Dec. 18, 2006) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)).  "[O]nce a claim [for relief] has been stated adequately, it may be supported by showing any set of [plausible] facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).  While a plaintiff cannot rest on mere conclusions or speculation, the plaintiff is entitled to the "benefit of imagination, so long as the hypotheses are consistent with the complaint." Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994).  In determining whether to grant a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, a court must accept all the factual allegations in the complaint as true and consider all reasonable inferences derived therefrom in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994); Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994).

Defendants argue that in order to be personally liable in tort, their actions must have been in bad faith, with malicious purpose, or with wanton and willful disregard of human rights, safety, and property because they are entitled to statutory immunity for the actions they take within the scope of their employment.  Section 768.28(9)(a) provides:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort . . . for any injury or damage suffered as a result of any act . . . in the scope of his or her employment . . . unless such officer . . . acted in bad

> faith or with malicious purpose or in a manner exhibiting wanton
> and willful disregard of human rights, safety, or property.

§ 768.28(9)(a), Fla. Stat. Accord Pace v. City of Palmetto, No. 8:05-cv-1221, 2007 WL 1705654, at *8 (M.D. Fla. June 12, 2007) ("[F]or an officer to be held personally liable for an injury resulting from an act the officer committed in the scope of his employment, the officer must have acted in bad faith, with malicious purpose, or in a willful and wanton manner."). Because Plaintiff did not allege that the officers had the requisite state of mind in his Complaint, Defendants assert immunity and ask that Counts III and IV be dismissed.[1]

Plaintiff's Complaint is deficient for failing to make these specific allegations as to mental state so as to defeat the officers' statutory immunity. See Searer v. Wells, 837 F. Supp. 1198, 1201 (M.D. Fla. 1993) ("Clearly, Plaintiff has not alleged that the actions of [the defendants] were undertaken in bad faith, with malicious purpose or with wanton and willful disregard of Plaintiff's rights.  As such, Counts III and IV of Plaintiff's original complaint do not allege a cause of action against [the defendants], individually, absent the appropriate allegations set forth above."); Fernander v. Bonis, 947 So. 2d 584, 589 (Fla. 4th DCA 2007) ("[The plaintiff's] factual allegations did not establish that [the officer] acted outside the scope of his employment or with wanton or willful disregard of [the plaintiff's] rights."); cf.

---

[1] At least partially misapprehending Defendants' argument, Plaintiff contends that "assault and battery in and of itself is not necessarily willful and wanton misconduct, malicious purpose or bad faith which would trigger sovereign immunity," and "battery does not *ipso facto* constitute willful and wanton misconduct under Section 768.28, Florida Statutes." (Doc. 62 at 4.)  Plaintiff further argues that statutory immunity is an affirmative defense and that a motion to dismiss is only warranted when the complaint conclusively establishes that immunity is applicable.  (Id. at 5.)  Statutory immunity is a defense that is available on the face of the Complaint.

Richardson v. City of Pompano Beach, 511 So. 2d 1121 (Fla. 4th DCA 1987). Indeed, the Complaint alleges that the Defendants' force "occurred during the course and scope of their employment as police officers for Defendant CITY OF ORLANDO;" the officers' states of mind are not raised.[2] (Am. Compl. ¶¶ 41 & 48.) Counts III and IV must be dismissed for failure to allege facts necessary to overcome Defendants' entitlement to qualified immunity, but Plaintiff will be given an opportunity to cure this deficiency. Defendants' Motion to Dismiss Counts III and IV (Doc. 58) is **GRANTED**. Counts III and IV of Plaintiff's Amended Complaint are **DISMISSED without prejudice.** Plaintiff may file a second amended complaint on or before Friday, August 17, 2007.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 1st day of August, 2007.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

---

[2] Although Plaintiff claims to have been "attacked," "tackled," and "thrown violently to the floor face down" before he was "handcuffed and arrested," (Am. Compl. ¶ 12), Plaintiff does not allege that the officers acted in bad faith or with a wanton or malicious purpose. The substance of Plaintiff's factual allegations fails to overcome the deficiency of the Complaint.